**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Diamond D. Smith,** | **CASE NO. 1: 18 CV 1611** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **Shirley Smith,** | |
| **Defendant.** | |

*Pro se* plaintiff Diamond D. Smith has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Shirley Smith, the Chairperson of the Ohio Adult Parole Board. (Doc. No. 1.) At the time he filed his complaint, he was incarcerated in the Lake Erie Correctional Institution.

The plaintiff was convicted of burglary, a third degree felony, in the Summit County Court of Common Pleas in 2017, pursuant to a guilty plea. *See State of Ohio v. Diamond D. Smith*, CR-2016-11-3883 (Summit Cty). He was sentenced to two years of incarceration, to be served concurrently with sentences imposed in two other criminal cases. In his complaint, the plaintiff challenges the insertion of post-release control in his sentence. Although a journal entry of the plea on the state-court docket indicates the plaintiff was advised of the possibility of post-release control if he pled guilty, he alleges in his complaint that post-release control "was inserted at the end of his sentencing hearing without him being informed prior to said insertion" in violation of his constitutional rights. (*Id*. at 4.) The trial court's original journal entry of the plaintiff's sentence did not include a post-release control provision, but the court entered a *nunc pro tunc* judgment in May 2018, reflecting a mandatory three-year term of post-release control.

(*Id*. at 7-8.)

The plaintiff contends he did not agree to post-release control in his plea deal, and was not informed and "had no knowledge of the implications of post-release control before his sentencing." (*Id*. at 4.) For relief, he seeks "to have post release control terminated." (*Id*. at 5.)

Federal district courts are expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint is frivolous or malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Upon review, the Court finds that the plaintiff's complaint must be dismissed pursuant to § 1915A. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). However, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500. *See also Heck v. Humphrey*, 512 U.S. 477, 481 (1994), *citing Preiser*, 411 U.S. at 488–90 (1973) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

The proper avenue for the plaintiff to challenge the inclusion of post-release control in his sentence is through a petition for a writ of habeas corpus, not through a civil rights action under § 1983.

Furthermore, a cause of action under § 1983, arising out of an allegedly unlawful conviction or sentence, is not cognizable unless a plaintiff first shows that the challenged conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck*, 412 U.S. at 486-87. The plaintiff's complaint does not suggest that the sentence he challenges has been overturned or invalidated in any of the ways articulated in *Heck*.

## Conclusion

Accordingly, the plaintiff's complaint in this matter is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 10/4/18